IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
BRENDA S. HANDSHUMAKER,         )
                                )
               Plaintiff,       )    CIVIL ACTION
                                )
v.                              )    No.  15-1128-MLB
                                )
GARY VANGILDER,                 )
                                )
               Defendant,       )
v.                              )
                                )
PROGRESSIVE NORTHWESTERN        )
INSURANCE COMPANY,              )
                                )
               Garnishee.       )
                                )
_____)
```

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Plaintiff's Motion to Remand (Doc. 6); Progressive's Response (Doc. 9); and Plaintiff's Reply (Doc. 11); and

2. Progressive's Motion to Realign Parties (Doc. 8); and Plaintiff's Response (Doc. 10).

**I. Summary**

According to plaintiff's allegations, she and others were attempting to push a Budget Rental Truck out of the snow on February 5, 2011, in Coffeyville, Kansas, while the driver, defendant Vangilder, gunned the engine to get the truck moving. Plaintiff alleges that she fell and that Vangilder backed the truck over her leg, causing her personal injuries. In August of 2012, plaintiff sued Vangilder for negligence in Montgomery County District Court. Vangilder was represented by an attorney hired by Budget Rental

Truck.[1]

At the time of the accident, Progressive had issued an automobile insurance policy to Vangilder's wife that listed Vangilder as an additional driver. It had a $25,000 (per person) policy limit. Plaintiff sought the policy limit from Progressive, but Progressive denied the claim.

Progressive intervened in the state action in April 2014, after being advised of a proposed consent judgment between plaintiff and Vangilder. Under the proposed consent judgment, plaintiff and Vangilder agreed to a $300,000 judgment against Vangilder with a 25% reduction for plaintiff's comparative fault, or $225,000. The agreement included a covenant by plaintiff not to execute the judgment against Vangilder. Montgomery County District Judge Gary House held an evidentiary hearing and then allowed the parties, including Progressive, to brief the consent judgment issues.[2] On February 2, 2015, Judge House granted the motion for consent judgment in plaintiff's favor against Vangilder in the amount of $225,000.

On March 16, 2015, the Kansas Insurance Commissioner received from plaintiff's counsel a summons and order of garnishment directed to Progressive. Section 40-218 of the Kansas statutes requires every insurance company doing business in Kansas to consent to having any action or garnishment against it commenced by service of process upon

---

[1] Budget Rental Truck's insurer paid plaintiff its $25,000 policy limits.

[2] Plaintiff's brief contains the following unclear assertion of fact: "Defendant Handshumaker [sic] provided the attorney for Defendant Gary Vangilder proof [sic] of injury and damages." Doc. 5 at 2.

the Kansas Insurance Commissioner.

The Kansas Insurance Commissioner forwarded the pleadings to Progressive on March 16, 2015. Doc. 1 at 32. The Notice of Removal alleges, and plaintiff does not challenge, that Progressive first received a copy of the garnishment pleading and summons on March 25, 2015.[3]

Progressive filed a Notice of Removal (Doc. 1) on April 21, 2015, removing the action to this court. Vangilder did not consent to the removal. The Notice of Removal alleges that Vangilder is a nominal party whose consent was not necessary for removal.

Plaintiff and Vangilder are both citizens of Kansas. Progressive is a citizen of Ohio. The amount in controversy exceeds $75,000.

**II. Motion to remand**

Thirty-day limit of §1446(b). Plaintiff first argues the removal was beyond the thirty-day time limit in 28 U.S.C. § 1446(b). That section states in part that the notice of removal "shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based,..." Relying on Ortiz v. Biscanin, 190 F.Supp.2d 1237 (D. Kan. 2002), plaintiff argues the thirty-day period began when the pleadings were received by the Kansas

---

[3] Progressive has attached a copy of the March 16 letter it received from the Kansas Insurance Commissioner notifying it of the action. Doc. 1 at 17. The letter bears a stamp stating: "RECEIVED MAR 25 2015 LAW DEPARTMENT."
Although an apparent delivery time of seven business days for this letter seems on the high side, and the receipt of the letter by any Progressive department, as opposed to its law department, would constitute receipt, the court accepts counsel's unchallenged assertion that Progressive did not receive the pleadings until March 25, 2015. See Doc. 1, ¶3.

Insurance Commissioner (i.e., March 16, 2015), meaning it expired on April 16, 2015.

In Ortiz v. Biscanin, supra, Judge Murguia found that service upon the Kansas Insurance Commissioner, as the statutory agent for an insurer, was sufficient to constitute receipt by the insurer. 190 F.Supp.2d at 1243. If the court were to follow that decision the removal here would be untimely and the matter would be remanded. The court notes, however, that Ortiz cited no authority for its holding, and it did not address the significant number of cases from other jurisdictions running to the contrary. In fairness, it should be pointed out that much of that case law has emerged since Ortiz was decided.

In Abdullah v. Erdner Bros., Inc., 2015 WL 1190141 (D. Conn., Mar. 16, 2015), for example, the court summarized a number of cases holding that the thirty-day period for removal does not start with service upon a statutory agent, but instead when the defendant actually receives the complaint. Abdullah, at *2. Abdullah noted Wright & Miller's recognition that "[a]t one time it was not clear whether service on a statutory agent, such as a Secretary of State (or comparable state official) ... was sufficient to commence the time period for removal ... [but] it now appears to be settled law that the time for removal begins to run only when the defendant or someone who is the defendant's agent-in-fact receives the notice via service." Abdullah, at *2 (quoting 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §3731 (4th ed. 2014)). Other cases decided since Ortiz have similarly pointed out that the clear weight of authority now holds that service of the pleading upon a statutory

-4-

agent does not start the thirty-day period. See e.g., Barrackman v. Banister, 2007 WL 189378, *1 (S.D. Tex., Jan. 22, 2007)("The majority of the courts considering this question have held that the time for removal runs from receipt by the named defendant after transmission from the statutory agent." [listing cases]); Val Energy, Inc. v. Ring Energy, Inc., 2014 WL 5510976, *1 (D. Kan., Oct. 31, 2014) ("Most courts, however, have held that when the service is effected on a statutory agent, the time period does not start until the defendant has received a copy of the complaint."). The rationales supporting this view include an assertion that the statute requires actual as opposed to constructive notice, and the fact that a statutory agent, unlike an agent-in-fact, has limited power and is intended to be a mere conduit for transmitting the relevant papers.

The court concludes that the better rule is that service upon a statutory agent such as the Kansas Insurance Commissioner does not constitute "receipt by the defendant" within the meaning of §1446(b). This view is in accord with the overwhelming majority of district courts to have decided the issue and will thus promote uniformity in application of the statute. It is also consistent with the Supreme Court's observation that Congress enacted this provision "to ensure that the defendant would have access to the complaint before commencement of the removal period,..." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 352 (1999). As such, the thirty-day period began with Progressive's receipt of the pleadings on March 25, 2015. Its filing of the Notice of Removal on April 21, 2015 was therefore timely under §1446(b).

One-year time limit of §1446(c). Plaintiff additionally argues

the removal was beyond the one-year time limit of §1446(c). That provision (with certain exceptions) prohibits removal of a diversity case more than one year after commencement of the action. Plaintiff acknowledges there is case law from this district finding garnishment actions against insurers under similar circumstances to be the commencement of a new action for removal purposes, but she argues this case is different because Progressive intervened in the underlying tort action on which the garnishment is based. Because of that, she contends the one-year period should be based on the underlying tort suit and not the garnishment.

Under Kansas law, a judgment creditor may stand in the shoes of the judgment debtor and can proceed in garnishment against the debtor's insurer, even if the creditor seeks recovery against the insurer in excess of its policy limits. Such an excess claim may be based on an insurer's negligent or bad faith failure to settle the underlying claim. See Moses v. Halstead, 581 F.3d 1248, 1254, n.2 (10th Cir. 2009). Several cases from this district have found that such a garnishment action is separate and distinct from the underlying tort action, and a right to removal thus may be triggered upon the filing of the garnishment. See e.g., Smotherman v. Caswell, 755 F.Supp. 346, 348 (D. Kan. 1990) ("We conclude that under federal law this garnishment action is a distinct civil action for purposes of section 1441(a)."); Nungesser v. Bryant, 2007 WL 4374022 (D. Kan., Dec. 7, 2007) (same). Under that view, which the court follows here, the one-year limit in §1446(c) began with commencement of the garnishment action, not with commencement of the underlying tort action. Plaintiff points out that some courts have justified the rule

by explaining that the garnishment is "a suit involving a new party litigating the existence of a new liability," whereas Progressive is not a "new party" because it intervened in the underlying action. But the fact of Progressive's intervention does not alter the fundamental character of the garnishment as a different proceeding raising a new claim against Progressive that could not have been litigated together with the tort action. Cf. Bridges for Bridges v. Bentley by Bentley, 716 F.Supp. 1389, 1391 (D. Kan. 1989) (citing cases finding garnishment actions to be independent suits in relation to the primary liability between the plaintiff and the defendant). The court concludes that the garnishment is properly considered a new action for purposes of the time limit in §1446(c). As such, Progressive's Notice of Removal was timely filed.

Lack of consent from Vangilder. Plaintiff's final argument is that removal was improper because Vangilder did not consent to it. See 28 U.S.C. § 1447(b)(2)(A) (in case removed under §1441(a), all defendants must consent to removal). As the foregoing cases and others indicate, however, Vangilder is considered a nominal party under these circumstances and his consent is not required for removal of the garnishment action. Smotherman, 755 F.Supp. at 349-50 (consent of judgment debtor not required for removal; he has no interest in the present garnishment action and "is thus a nominal party between plaintiffs and garnishee [insurer]"); Meyer v. Fink, 2014 WL 5149219 (D. Kan., Oct. 14, 2014) (judgment debtor a nominal party; his failure to join in removal of garnishment action does not defeat unanimity requirement). Accordingly, plaintiff's motion to remand will be denied.

**III. Motion to Regard Vangilder as Nominal Party**

Progressive moves to regard Vangilder as a nominal party or, alternatively, to realign him with the plaintiff, so that diversity of citizenship is appropriate under 28 U.S.C. § 1332(a).

For reasons set forth above, Vangilder is properly regarded as a nominal party in these circumstances. As a result, his citizenship is not taken into account in determining whether the requirements of diversity jurisdiction are met. Oppenheimer v. Lint, 2014 WL 3611676, at *2 (D. Kan. July 22, 2014) (citing Hann v. City of Clinton, Okla., 131 F.2d 978, 981 (10th Cir. 1942)). Alternatively, the court recognizes that Vangilder's interests in the garnishment are more properly aligned with the plaintiff than with Progressive. As Judge Crow stated in Smotherman:

> In garnishment actions, where a garnishee has denied liability to the judgment debtor, the judgment creditor's and judgment debtor's interests are aligned on the same side for purposes of determining diversity of citizenship. [citation omitted] Thus, plaintiffs and defendant [judgment debtor] are aligned on one side and garnishee [insurer] on the other for the purpose of determining diversity of citizenship.

755 F.Supp. at 348.

**IV. Conclusion**

Plaintiff's Motion to Remand (Doc. 5) is denied. Progressive's Motion to Realign the Parties (Doc. 7) is granted.

IT IS SO ORDERED.

Dated this 25th day of August 2015, at Wichita, Kansas.

s/Monti Belot

Monti L. Belot

-8-

                                        UNITED STATES DISTRICT JUDGE

                                        UNITED STATES DISTRICT JUDGE